Filed 6/5/23 P. v. Delacerda CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>AUGUSTIN GUY DELACERDA,<br><br>Defendant and Appellant. | F084617<br><br>(Madera Super. Ct.<br>No. MCR02865A)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Madera County. James E. Oakley, Judge.

Karriem Baker, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P. J., Poochigian, J. and Detjen, J.

## INTRODUCTION

In 2020, appellant and defendant Augustin Guy DeLaCerda (appellant) was convicted after a jury trial of two counts of attempted voluntary manslaughter and four counts of assault with a firearm. He was sentenced to an aggregate term of 40 years in prison.

In 2022, appellant filed a petition for resentencing of his convictions for attempted manslaughter pursuant to Penal Code section 1172.6.[1] The court denied the petition.

On appeal, appellate counsel filed a brief which summarized the facts and procedural history with citations to the record, raised no issues, and asked this court to independently review the record pursuant to both *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Appellant submitted his own letter brief and requested this court address certain issues.

We will address appellant's issues and affirm.

## PROCEDURAL BACKGROUND

On February 14, 2000, a first amended information was filed in the Superior Court of Madera County charging appellant with committing the following offenses on August 14, 1999: counts 1 and 2, the attempted premeditated murders of, respectively, Luis Gutierrez and Ruben Serrano (§§ 664, subd. (a), 187, subd. (a)); counts 3 through 6, assault with a firearm on, respectively, Gutierrez, Serrano, Felix Rojas, and Vincent Salazar (§245, subd. (a)(2)); with firearm and great bodily injury enhancement.

On February 23, 2000, after a jury trial, appellant was convicted of counts 1 and 2, attempted voluntary manslaughter, as lesser offenses of attempted murder; and counts 3

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated. Appellant filed his petition in 2022 pursuant to "section 1170.95." As will be discussed below, the statute was substantively amended, effective on January 1, 2022; and renumbered as section 1172.6 without further changes on June 30, 2022. (*People v. Saibu* (2022) 81 Cal.App.5th 709, 715, fn. 3.) As such, we refer to the subject statute by its current number throughout this opinion, except where otherwise indicated.

2.

through 6, assault with a firearm, and the firearm and great bodily injury enhancements were found true.

On May 2, 2000, the court sentenced appellant to an aggregate term of 40 years in prison as follows: as to count 1, attempted voluntary manslaughter, the upper term of 11 years, plus 10 years for personal use of a firearm (§ 12022.5, subd. (a)(1)) and three years for the great bodily injury enhancement (§ 12022.7); and for each of counts 2, 5, and 6, consecutive terms of two years, plus three years four months (one-third the midterms) for the attached firearm enhancements (§ 12022.5, subd. (a)(1)); the terms for counts 3 and 4 were stayed.

## APPELLANT'S PETITION FOR RESENTENCING

On February 9, 2022, appellant filed a petition for resentencing pursuant to section 1172.6 and requested appointment of counsel.

Appellant filed a supporting declaration that consisted of a preprinted form where he checked boxes that he was eligible for resentencing because (1) a complaint, information, or indictment was filed that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine; (2) he was convicted of murder, attempted murder, or manslaughter following a trial, or accepted a plea offer in lieu of a trial in which he could have been convicted of murder or manslaughter; and (3) he could not presently be convicted of murder or attempted murder because of changes made to sections 188 and 189, effective January 1, 2019.

The court appointed counsel to represent appellant. The prosecution did not file a written opposition.

**The Court's Denial of Petition**

On June 29, 2022, the superior court conducted a hearing on appellant's petition. Appellant was present with his counsel. The court stated it had not received any supplemental pleadings and asked the parties to state their positions.

Defense counsel stated that as to the prima facie determination, the People had the burden to establish appellant was ineligible for relief as a matter of law, the People failed to do so, and the petition should be granted. Counsel submitted the matter on appellant's petition.

The court asked the prosecutor if he was ready to proceed. The prosecutor said he was not ready. However, the prosecutor reminded the court that at a prior hearing on May 18, 2022, the court stated the petition should be denied on its face because section 1172.6 did not apply to attempted manslaughter. The prosecutor argued the court should deny the petition because appellant was statutorily ineligible for resentencing. The prosecutor further stated that defense counsel previously said he wanted time to research the issue, and they had a hearing on June 8, 2022, for that purpose.

The court acknowledged it previously stated attempted manslaughter was not listed in section 1172.6 as an offense that was eligible for resentencing, and the statutory amendments enacted by Senate Bill No. 775 (2020–2021 Reg. Sess.) limited resentencing to murder, attempted murder, or manslaughter, and did not include attempted manslaughter. The court declined to infer the amended statute also applied to attempted manslaughter "because, clearly, the drafters of this section had the ability to specifically designate 'attempted manslaughter' if that was their intent, because they specifically designated 'attempted murder.' "

Defense counsel stated he understood the court's analysis, "[a]nd when I was reading the statute, I noticed the same issue. But I would just note that 'attempted manslaughter' and 'manslaughter' do seem to fall within the same class of defenses. It would seem within the spirit of the statute to include it." Counsel argued there was no

4.

policy basis to exclude attempted manslaughter, and the amended statute should apply to appellant since he was originally charged with attempted murder.

The court stated that while appellant was charged with attempted murder, he did not accept a plea but was convicted by a jury of attempted manslaughter as a lesser offense, and the amended statute expressly limited resentencing to murder, attempted murder, or manslaughter.

Defense counsel again stated he understood the court's position, argued attempted manslaughter "falls within the same class, and I believe the intent behind the creation of the statute would have imagined a similar charge … to apply," and submitted the matter.

The court denied appellant's petition and found he failed to make a prima facie case "because the convictions in the record … for which [appellant] was found guilty and sentenced do not come within the provisions" of section 1172.6.

On July 7, 2022, appellant filed a timely notice of appeal.

## DISCUSSION

### I. Delgadillo and Wende

In *Delgadillo*, the court held a *Wende* analysis is not applicable to a trial court's order that denies a petition for postconviction relief under section 1172.6. (*Delgadillo, supra*, 14 Cal.5th at p. 222.) *Delgadillo* held that instead of using the process outlined in *Wende*, appointed counsel and the appellate court should do the following: "When appointed counsel finds no arguable issues to be pursued on appeal: (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Id.* at pp. 231–232.)

"If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a

5.

written opinion…. If the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as abandoned. [Citation.] … While it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal." (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

As noted above, appellate counsel filed a brief with this court pursuant to *Delgadillo* and *Wende*. The brief also included counsel's declaration that appellant was advised he could file his own brief with this court. This court sent appellant an order that the appeal would be dismissed as abandoned if he failed to submit a letter brief within 30 days. Appellant filed a brief raising issues about the denial of his petition and other matters, and we will address the issues therein.

## II. Appellant is Ineligible for Relief as a Matter of Law

We turn to appellant's contentions raised in his letter brief and address them in procedural order.

### A. *Appellant's Petition*

Appellant asserts that at the June 2022 hearing, his attorney stated that "he was prepared to submit on the petition," but further claims "[t]here was no petition filed" on his behalf. To the contrary, the record herein contains the preprinted petition that appellant, acting in pro. per., filed on February 9, 2022, with his supporting declaration where he checked the certain boxes to state he was eligible for resentencing.

### B. *Section 1172.6*

Next, we clarify the statute that was applicable to determine whether appellant's petition stated a prima facie case. Former section 1170.95 was enacted by Senate Bill No. 1437 (2017–2018 Reg. Sess.), effective January 1, 2019. (*People v. Strong* (2022) 13 Cal.5th 698, 708; *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) The initial version of the statute provided for "a person with an existing conviction for *felony murder or murder under the natural and probable consequences doctrine* to petition the

6.

sentencing court to have the murder conviction vacated and to be resentenced on any remaining counts if he or she could not have been convicted of murder as a result of the other legislative changes implemented by Senate Bill No. 1437." (*People v. Flores* (2020) 44 Cal.App.5th 985, 992, italics added.)

Effective January 1, 2022, Senate Bill No. 775 (2020–2021 Reg. Sess.) made substantive amendments to former section 1170.95 that " '[c]larifie[d] that persons *who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine* are permitted the same relief as those persons convicted of murder under the same theories.' " (*People v. Birdsall* (2022) 77 Cal.App.5th 859, 865, fn. 18, italics added; *People v. Vizcarra* (2022) 84 Cal.App.5th 377, 388.) On June 30, 2022, the statute was renumbered as section 1172.6 without further substantive changes. (*People v. Saibu*, *supra*, 81 Cal.App.5th at p. 715, fn. 3.)

Appellant filed his petition on February 9, 2022, after the substantive amendments to section 1170.95 became effective. The court held the hearing on appellant's petition on June 29, 2022, shortly before the statute was renumbered. At the hearing, the court and the parties addressed the provisions of section "1170.95" and, in doing so, discussed the language of subdivision (a) as it read after the amendments enacted by Senate Bill No. 775 (2020–2021 Reg. Sess.), and they were clearly aware of the applicable version of the statute.

In response to appellant's petition, the trial court complied with the amended statute because it appointed counsel, conducted a hearing on the petition, and stated reasons why it was denying the petition without issuing an order to show cause – that the amended statute did not permit resentencing on a conviction for attempted manslaughter. (§ 1172.6, subds. (b)(3), (c), (d).)

### C. *Appellant's Convictions for Attempted Voluntary Manslaughter*

Appellant argues that at the hearing on the petition, the People had the burden to show he was not entitled to resentencing on his convictions for attempted voluntary

manslaughter as a matter of law, the People failed to file any pleadings to refute the allegations in his petition, and the trial court should have issued an order to show cause.

Section 1172.6, subdivision (a) states:

"(a) A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.

"(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a), italics added.)[2]

The prima facie inquiry under section 1172.6, subdivision (c) is "limited." (*Lewis, supra,* 11 Cal.5th at p. 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.'

---

[2] While not applicable herein, section 189 was amended to allow for felony-murder liability where the victim is a peace officer. (§ 189, subd. (f).)

8.

[Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid.*)

In determining whether a petitioner made a prima facie case for relief, the court may review the record of conviction that allows the court "to distinguish petitions with potential merit from those that are clearly meritless. This is consistent with the statute's overall purpose: to ensure that … culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review process." (*Lewis, supra,* 11 Cal.5th at pp. 971–972 & fn. 6.)

The record of conviction in this case shows that while the information charged appellant with two counts of attempted murder, he did not accept a plea and instead he was convicted after a jury trial of two counts of attempted voluntary manslaughter as lesser offenses. The trial court correctly found that, as a matter of law, appellant was not eligible for resentencing since section 1172.6, subdivision (a) limits resentencing to convictions for murder, attempted murder, and manslaughter, and does not include attempted manslaughter.

Appellant asserts that since section 1172.6, subdivision (a) "covers manslaughter why would it not cover attempted manslaughter[?]" As noted by the trial court, however, the amendments enacted by Senate Bill No. 775 (2020–2021 Reg. Sess.) limited resentencing to petitioners convicted after trial of murder, attempted murder, and manslaughter, subject to certain express requirements. The Legislature did not include attempted manslaughter within those provisions. " '[I]nsert[ing]' additional language into a statute 'violate[s] the cardinal rule of statutory construction that courts must not add provisions to statutes." (*People v. Guzman* (2005) 35 Cal.4th 577, 587.) "Where, as here, the Legislature makes express statutory distinctions, 'we must presume it did so deliberately, giving effect to the distinctions, unless the whole scheme reveals the

9.

distinction is unintended. … [W]e presume the Legislature intended everything in a statutory scheme, and we should not read statutes to omit expressed language or include omitted language.' " (*People v. Connor* (2004) 115 Cal.App.4th 669, 691.)

## D.     *Defense Counsel's Statements*

Appellant next asserts that at the hearing, his attorney stated he wanted time to research some issues, counsel never told appellant or gave him any documents "about so called 'research issues,' " and appellant had the right to know about counsel's decisions. Appellant requests remand for another hearing and appointment of a new attorney to argue or research the issues raised by his petition.

Defense counsel's statement about researching an issue was clearly addressed to the discussion by the court and prosecutor as to whether appellant was ineligible as a matter of law because attempted manslaughter was not identified as a qualifying offense for resentencing. As stated by the court, the amended statute excluded attempted manslaughter, and defense counsel acknowledged that exclusion. A defense attorney does not render ineffective assistance by failing to make motions or objections that are meritless. (*People v. Price* (1991) 1 Cal.4th 324, 387.)

## E.     *Senate Bill No. 81*

Finally, appellant states that since this court is already considering his case, he should also receive "relief under Senate Bill 81 for the cruel and unusual punishment [he] received in this case."

Effective January 1, 2022, Senate Bill No. 81 (2021–2022 Reg. Sess.) amended section 1385 to specify factors that the trial court must consider when deciding whether to strike enhancements in the interest of justice. (§ 1385, subd. (c).) The amendments are not retroactive because the amended statute specifically states they "shall apply to all sentencings occurring after January 1, 2022." (*Id.* at subd. (c)(7).)

We first note that a petition for resentencing filed pursuant to section 1172.6 is limited to the issues implicated by that statute. (See, e.g., *People v. DeHuff* (2021)

10.

63 Cal.App.5th 428, 438; *People v. Farfan* (2021) 71 Cal.App.5th 942, 947.) We further note that appellant was convicted and sentenced in 2000, prior to the effective date of Senate Bill No. 81, his case has been final for some time, and these statutory amendments are not applicable to his case.

## DISPOSITION

The court's order of June 29, 2022, denying appellant's section 1172.6 petition for resentencing, is affirmed.